UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00352 |
| Plaintiff, | : | ORDER |
| vs. | : | [Resolving Doc. 42] |
| MARIO ANDERSON, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mario Anderson moves for compassionate release under 18 U.S.C. § 3582.[1] He argues the Court should reduce his sentence because his underlying health conditions place him at a higher risk for complications if he contracts the COVID-19 virus.[2] The government opposes.[3] Anderson replies.[4]

For the reasons stated below, the Court **GRANTS** Anderson's motion.

I. Background

On January 29, 2018, Defendant Anderson pleaded guilty to two counts of possession with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. § 841.[5] Though Anderson committed both offenses in October 2012, the Government did not charge him until September of 2017.[6]

On June 5, 2018, this Court sentenced Anderson to 60-months imprisonment for

---

[1] Doc. 42.
[2] *Id.* at 7.
[3] Doc. 45; Doc. 46.
[4] Doc. 47.
[5] Doc. 30.
[6] Doc. 32 at 3.

Case No. 1:17-cr-00352
Gwin, J.

both counts, to be served concurrently with credit for time served.[7] The Court further required three years of supervised release with both standard and special conditions.[8]

## II. Discussion

Anderson moves for compassionate release.[9] He argues that his health condition, asthma, makes him especially vulnerable to negative impacts of Covid-19 if exposed to the virus.[10] He also argues that he is not a danger to society and that he has made rehabilitative efforts while in jail.[11] The government opposes.[12]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[13] On April 10, 2020, Anderson requested compassionate release from his prison warden.[14] On April 27, 2020, the warden denied Anderson's request.[15]

Because 30 days have passed since Anderson filed his administrative request, he has satisfied the exhaustion requirement.[16]

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and

---

[7] Doc. 36.
[8] *Id.* Along with standard conditions, Defendant must cooperate with collection of DNA that his probation officer requires.
[9] Doc. 42.
[10] *Id.* at 7.
[11] *Id.* at 16.
[12] Doc. 45; Doc. 46.
[13] 18 U.S.C. § 3582(c)(1)(A)(i).
[14] Doc. 42 at 3.
[15] *Id.* at 2-3.
[16] *Id.*

Case No. 1:17-cr-00352
Gwin, J.

compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[18]

Anderson presents "extraordinary and compelling" reasons that warrant compassionate release.[19] Anderson suffers from asthma which makes him particularly susceptible to complications if he contracts the COVID-19 virus.[20] Although Anderson's detention center has no reported cases of COVID-19 virus, if it infiltrates Anderson's facility, he will be unable to take measures to safeguard himself, such as social distancing.[21]

The 18 U.S.C. § 3553 sentencing factors further support compassionate release. The government waited five years before arresting Anderson after he originally committed

---

[17] 18 U.S.C. § 3582(a)(1)(A). Anderson's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

[18] *Id.*

[19] Commentary to FSG § 1B1.13.

[20] Doc. 42-1. at 1; *People with Certain Medical Conditions*, CDC (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (recognizing people with moderate to severe asthma "may be at increased risk for severe illness from COVID-19.")

[21] Doc. 42 at 6.

Case No. 1:17-cr-00352
Gwin, J.

the crimes.[22] And at the time of Anderson's arrest, he had only two criminal history points, both for non-violent crimes.[23] This suggests Anderson is not a significant danger to society. Moreover, Anderson made rehabilitative efforts while incarcerated.[24] He participated in-patient drug treatment program.[25] Finally, Anderson maintains that, upon release, he plans to work for his old construction company, whose owner has agreed to rehire Anderson.[26]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Anderson's compassionate release motion. The Court reduces Anderson's sentence to time served. Anderson's term of supervised release remains at three years, and he is otherwise subject to the terms of the latest judgment.[27]

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Anderson is COVID-19-free prior to his release. IT IS SO ORDERED.

Dated: July 31, 2020      s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[22] Doc. 32 at 3.
[23] *See id. a*t 7-8.
[24] *Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that, during resentencing, a defendant's rehabilitative efforts are proper for consideration under § 3553)
[25] Doc. 42-4 at 3.
[26] Doc. 42 at 18.